Mr. Justice Clayton
delivered the opinion of the court.
This cause comes up from the probate court of Choctaw county. The record is voluminous, but as our opinion will be given upon one point- only, we shall confine ourselves to such parts as are necessary to make that point intelligible.
About the year 1830, the plaintiff in error became the guardian of Mary, the female complainant, in Fayette county, Alabama. Some years afterwards, he moved to the county of Choctaw, in this state, and brought his ward with him. The only estate to which she was entitled was a small sum of money, ascertained to be due her from her guardian, by a settlement which he returned to the court in Alabama, about the year 1834. It does not appear from the record, that Bell ever qualified as guardian, in any of the courts of this state; on the contrary, the inference is that he never did.
In 1841. Bell presented an account against his said ward, for allowance, and praying for a final settlement and discharge from his guardianship. The account was contested by Suddeth, *533 who had then intermarried with the ward. The probate court, with a view to the better understanding of the controversy, directed plenary proceedings to be had, and to that end, ordered the present defendants in error to file a bill, or petition, setting forth their claims. This was accordingly done. To this petition a demurrer was filed, alleging various formal defects, but which was disallowed by the- court, and the defendant below required to answer. With this order he complied. An amended .bill, or petition, was then filed, and a motion was made by the defendant, Bell, to dismiss the whole cause for want of jurisdiction. This motion was overruled, and the party required to answer by a given day. This he refused to do The amended bill was then taken for confessed, and an account ordered, upon the coming in of which, a decree was rendered in favor of the complainants, for the amount reported to be due. From this decree a writ of error was sued out to this court.
The question of jurisdiction is the only one which we shall notice. It is well settled, that an executor, or administrator, who qualifies in one state, has no right to sue in the courts of another state. Story Con. Laws, 421. 5 Peters, 527. And according to some of the authorities, he cannot be sued out of the state in which he qualified, because he has no control over the assets found elsewhere. Story, as above. The same reason and the same rule, would seem to be applicable to guardians. We have a statute which directs how guardians, who reside out of-the state, may become entitled to act here. H. & H. 340.
But the question here is more narrow, than the general right of a guardian to sue or be sued, when he has derived his'power from the courts of another state. It is, whether the probate court can exercise jurisdiction over him in such case. That court, by the laws, has jurisdiction over only a particular class of cases, and over persons sustaining a particular character; and it must be confined to persons who derive that character under the laws of this state. Executors, administrators, and guardians, who remove into this state from abroad, may be sued, in reference to their fiduciary transactions, in those courts which possess general jurisdiction. But they cannot be subject to proceedings *534 in the probate court, because in point of fact, they are not, by virtue of their qualification abroad, either executors, administrators, or guardians, in this state. They must first qualify here. H. & H. 388. Until that is done, the probate court has no authority or jurisdiction over them. There is nothing.in the record to show, that Bell ever became guardian in this state; there is, consequently, an absence of the very fact, upon which alone the jurisdiction could rest. A court of chancery would be the tribunal to aiford redress, under such circumstances. The proceedings here were unauthorized.
The decree of the probate court must be reversed; but as it 'is possible that Bell did qualify as guardian in this state, although there is an omission of any such averment in the proceedings, the cause will be remanded to the probate court, that an amendment may be made in this particular, if it be warranted by the fact. If it be not, the bill or petition must be dismissed there, for the want of jurisdiction.

Decree reversed.